IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GURPAL SINGH,

               Petitioner,

vs.

CAROLYN SOMMER, Warden of
McCook Detention Center, et al.,

               Respondents.

7:26-CV-5013

MEMORANDUM AND ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner alleges that he was detained on or about March 4, 2026, and that his detention was unlawful. *See* filing 1 at 4. The Court will deny his petition.

## BACKGROUND

The petitioner is a native of India who entered the United States in June 2023 on a tourist visa. Filing 6 at 3. A few months later, he filed an asylum application, then obtained an associated work authorization. Filing 6 at 3-4.[1]

---

[1] The petitioner argues that the government's declaration, filed in response to the Court's show cause order, is facially unreliable because of a likely copy-and-paste error resulting in the wrong detainee's name being used once in the declaration. Filing 7 at 4 (citing filing 6 at 2). That error might be more problematic if the petitioner was traversing the facts recited in the declaration in any meaningful way. But he isn't. *See* filing 7.

And given the volume of immigration detention cases being addressed by counsel and the Court, we're all relying on boilerplate to some extent. Mistakes will happen—such as, for instance, premising two of the five claims presented in a petition for habeas corpus on a

But his tourist visa expired in December 2023. *See* filing 6-1 at 1. He doesn't allege that he was permitted to remain in the United States under any other kind of admission or parole. *See* filing 1.

In March 2026, he was stopped and cited by Iowa state law enforcement after the truck he was driving failed to enter a weigh station. Filing 6 at 4. His visa overstay was discovered and he was detained pursuant to an administrative warrant. Filing 6 at 4; filing 6-2. He was placed in removal proceedings and issued a notice to appear. Filing 6-1 at 1. A bond hearing was held but the immigration judge found that the petitioner was a flight risk. Filing 6-3; filing 6-4.

In case no. 8:26-cv-140—his first petition—the petitioner sought a bond hearing pursuant to 8 U.S.C. § 1226(a). But this Court denied the petition, reasoning that the petitioner had already received the bond hearing to which he was entitled by § 1226. Case no. 8:26-cv-140 filing 10. This successive petition followed. Filing 1.

## DISCUSSION

The petition raises five distinct claims of unlawful detention: (1) Fifth Amendment procedural due process, (2) violation of the Immigration and Nationality Act, (3) unlawful warrantless detention in violation of the Fourth Amendment, (4) Fifth Amendment substantive due process, and (5) violation of the Administrative Procedure Act. Filing 1 at 10-20. But first, the government argues that the Court shouldn't consider the merits at all.

---

statutory argument regarding 8 U.S.C. § 1225(b) that, while common in other cases, isn't present in this case. *See* filing 1 at 13-15, 18-20. Such errors are to be avoided, but not ashamed of, and are easily excused when they're immaterial, as they are here.

2

ABUSE OF THE WRIT DOCTRINE

The government's first argument is that the Court should not reach the merits of the petitioner's successive petition under the "abuse of the writ" doctrine. The abuse-of-writ doctrine is founded on the equitable nature of habeas corpus. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality opinion), *superseded by statute*, 28 U.S.C. § 2244; *see also United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Under 28 U.S.C. § 2244, successive habeas petitions from petitioners subject to criminal custody are generally barred, except in rare circumstances. *See, e.g., Boumediene v. Bush*, 553 U.S. 723, 774 (2008).

But the petitioner was not detained following any criminal proceeding, so § 2244 doesn't strictly apply. And the petitioner isn't seeking to relitigate the statutory issue raised in his initial petition—rather, he contends that his ongoing detention is a violation of his constitutional rights. *See* filing 1; filing 7 at 3. Given the "equitable principles" informing both the writ and the doctrine of its abuse, the Court, in its discretion, will evaluate the merits of the pending successive petition. *See McCleskey*, 499 U.S. at 490.

PROCEDURAL DUE PROCESS

The petitioner's first claim is that he had a Fifth Amendment right to a pre-deprivation hearing before being taken into custody. Filing 1 at 10-13. He relies generally on the familiar *Mathews* factors to argue that the post-deprivation remedy of a bond hearing was constitutionally inadequate. *See* filing 1 at 10 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

The Court is unpersuaded. It is important to note that the petitioner has not identified any legal status he possessed before his present detention, such as humanitarian parole, that might have conferred procedural protections governing the revocation of that status. *Compare, e.g., Dhillon v. Mullin*, No.

3

8:26-CV-229, 2026 WL 1587371 (D. Neb. June 3, 2026), *with Zakharenkova v. Mullin*, No. 26-CV-2353, 2026 WL 1454524, at *5 (C.D. Cal. May 19, 2026).

Rather, the petitioner's claim "is that he is entitled by the due process clause to a pre-deprivation hearing before he is arrested in the first instance for having overstayed his visa," but "he offers no legal support for such a proposition." *See Zhang v. LaRose*, No. 26-CV-1299, 2026 WL 794202, at *1 (S.D. Cal. Mar. 20, 2026); *see also Zakharenkova*, 2026 WL 1454524, at *3-5. The fact is that the petitioner was admitted to the United States under certain conditions (a valid visa) but those circumstances have changed since then (he overstayed that visa). *See id.* The petitioner had no *legal* status that the government was obliged to provide a hearing on before revoking it.

But more of a problem is that even if he did, the petitioner hasn't persuaded the Court that any of the issues he identified haven't been cured by the bond hearing that was held. Generally speaking, an unlawful warrantless arrest isn't a get-out-of-jail-free card if a lawful basis to detain someone is subsequently established. *Cf. Mastrian v. McManus*, 554 F.2d 813, 820 (8th Cir. 1977); *McDonald v. Arkansas*, 501 F.2d 385, 388 (8th Cir. 1974). The Supreme Court has explained, in the context of a habeas challenge to immigration detention, that

> [i]rregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law. A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.

*U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (quotations omitted).

In this case, the operative petition contains a series of allegations about the petitioner's personal characteristics, the circumstances of his detention, and the need for an individualized determination regarding custody. Filing 1. The solution to all of that was a statutory bond hearing. The petitioner's claim to the contrary lacks merit.

IMMIGRATION AND NATIONALITY ACT

The petitioner's argument regarding the INA, as suggested in footnote 1, *supra*, is based on a faulty premise: The petitioner insists that he "is not an applicant for admission within the meaning of § 1225(b)" and that "Respondents' reliance on § 1225(b) to justify Petitioner's detention is inconsistent with the statutory structure of the INA." Filing 1 at 14. But the respondents aren't relying on § 1225(b)—everyone agrees that the petitioner's visa overstay makes him an arrested alien subject to § 1226(a).

Of course, the difference between §§ 1225(b) and 1226(a) was hotly litigated in district courts in this circuit until the question was settled, for now, by the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). And that issue is still dividing courts in other circuits. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *3 (10th Cir. June 30, 2026) (disagreeing with *Avila* and collecting cases).

The Court infers that the petitioner's counsel simply included this claim inadvertently because it's so commonly litigated, even though it doesn't apply to the petitioner's situation, and also would be DOA in the Eighth Circuit for as long as *Avila* remains good law. But because the government isn't relying on § 1225(b) to justify the petitioner's detention, this claim lacks merit.

5

## FOURTH AMENDMENT

The petitioner claims that the Fourth Amendment was violated by his arrest because 8 U.S.C. § 1357(a) only permits a warrantless arrest of an alien by an immigration officer, when, as relevant, the officer has reason to believe that the alien is in the United States unlawfully and likely to escape before a warrant can be obtained for his arrest. Filing 1 at 15-16 (citing § 1357(a)(2)). He alleges that such circumstances were not present here. Filing 1 at 16.

Maybe, maybe not—the Eighth Circuit hasn't set a particularly high bar for probable cause in this context. *See United States v. Quintana*, 623 F.3d 1237, 1241 (8th Cir. 2010); *Shu Fuk Cheung v. INS*, 476 F.2d 1180, 1181 (8th Cir. 1973). But even assuming a factual basis for the petitioner's argument, that doesn't mean the appropriate remedy is a writ of habeas corpus.

As explained above, even unlawful irregularities in detaining an alien don't invalidate subsequent proceedings. *See Bilokumsky*, 263 U.S. at 158. And in the specific context of § 1357, it has been held that an arrest exceeding statutory authority doesn't void the subsequent detention and deportation proceedings. *See Westover v. Reno*, 202 F.3d 475, 479-80 (1st Cir. 2000); *Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982); *Min-Shey Hung v. United States*, 617 F.2d 201, 202 (10th Cir. 1980); *Chavez de Vasquez v. Baker*, No. 25-CV-3657, 2025 WL 3713773, at *1 (D. Md. Dec. 23, 2025).

## SUBSTANTIVE DUE PROCESS

The petitioner asserts a Fifth Amendment substantive due process right to be free from "executive detention that is arbitrary or that bears no reasonable relation to a legitimate governmental purpose." Filing 1 at 17. He claims that right was violated when he was allegedly detained "without identifying any individualized facts demonstrating that detention was necessary to prevent flight or protect the community." Filing 1 at 17.

6

But that at best describes a procedural due process claim, not a substantive one. The substantive component of the due process clause forbids the government to infringe certain "fundamental" liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest. *Reno v. Flores*, 507 U.S. 292, 302 (1993). And there is no dispute that Congress has the authority to detain aliens suspected of being in the country illegally pending their deportation hearings. *See id*. at 306. What the petitioner actually seems to be arguing for is a right to an "individualized justification" for his detention—which is really just asserting a right to a hearing, same as the procedural due process claim the Court has already rejected.

Alternatively, the petitioner's claim could be read as rehashing his Fourth Amendment claim instead. The Supreme Court has explained that a challenge to pretrial deprivation of liberty is a Fourth Amendment claim, not a substantive due process claim. *Albright v. Oliver*, 510 U.S. 266, 274 (1994); *accord Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 366 (2017); *see also Smithson v. Aldrich*, 235 F.3d 1058, 1064 (8th Cir. 2000). And the Court has already rejected that claim as well.

## ADMINISTRATIVE PROCEDURE ACT

Finally, the petitioner's APA claim just recasts his INA claim—he's complaining that "the INA does not authorize DHS to treat an admitted nonimmigrant overstay as subject to detention under § 1225(b) nearly three years after lawful entry" and that "[t]o the extent DHS relies on an interpretation of the INA that permits such detention, that interpretation is contrary to law and exceeds the agency's statutory authority." Filing 1 at 19.

7

But as already explained, the government isn't relying on § 1225(b) in this case. The petitioner's APA claim is without merit for the same reasons as his INA claim.

CONCLUSION

The Due Process Clause permits the government to detain an alien for as long as deportation proceedings are still pending and removal in the reasonably foreseeable future remains a possibility. *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). And the petitioner has identified no reason to believe that his removal to India, his country of origin, is unlikely or unforeseeable as a practical matter. *See id.* Accordingly, the petitioner's present detention is lawful.

IT IS ORDERED:

1.      The petition for writ of habeas corpus is denied.

2.      A separate judgment will be entered.

Dated this 14th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

8